This opinion/order has been withdrawn per order of the Tenth Court of Appeals.






n:center'> 

Gary Montgomery,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-03937-CRF-361

 



concurrence and dissent to ORDER










 

            Gary Montgomery was charged with two
counts of aggravated sexual assault.  A jury found him guilty and the trial
court assessed punishment at 25 years in prison on both counts.  Montgomery appealed.  Counsel on appeal was appointed for Montgomery.

            Montgomery filed his notice of appeal
with the trial court on March 15, 2007.  The reporter’s record was due April 3, 2007.  See Tex. R. App. P.
35.2.  After many unsuccessful efforts to obtain the reporter’s record, we
abated this appeal in November of 2007 to the trial court to determine, among
other things, whether the reporter’s record was lost or destroyed and if not,
when the record would be filed.  The reporter’s record was eventually filed on December 3, 2007, and this appeal was reinstated on December 11, 2007.  

            Montgomery’s brief was due January 10, 2008.  After unsuccessful efforts to obtain Montgomery’s brief, we abated this
appeal on March 26, 2008, to the trial court to conduct a hearing pursuant to
Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).  

            Since the time the appeal was abated,
we received a “Motion to Extend Time to File Appellant’s Brief” from Louis
Gimbert, an attorney different than the previously appointed attorney.  In the
motion, Gimbert stated that the previously appointed attorney had been removed
and that he had been recently appointed to represent Montgomery.  I have
reviewed the supplemental record and agree that Gimbert has been recently
appointed by the trial court to represent Montgomery.  However, also according
to the supplemental record, previous appointed counsel has not been removed as
counsel representing Montgomery.  Therefore, Gimbert has been appointed only as
additional counsel to represent Montgomery.  See Tex. Code Crim. Proc. Ann. art 26.04(j)(2) (Vernon Supp.
2007).

            With this observation, I concur in
withdrawing the abatement order issued on March 26, 2007, and reinstating this appeal but I do not join the “recognition” of the majority that a
“substitution” of counsel has been effectively accomplished based on the record
before us.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Concurrence
and dissent to order delivered and filed June 11, 2008

Do
not publish